Richard A. Cederoth (Admitted *Pro Hac Vice*)
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Samuel R. Miller (SBN 66871)
srmiller@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Bryan K. Anderson (SBN 170666)
bkanderson@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, California 94304
Telephone: (650) 565-7000
Facsimile: (650) 565-7100

Attorneys for Microsoft Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY, INC., | Case No. 11-03136-SC |
| Claimant, | Assigned to: Hon. Samuel Conti |
| vs. | **MICROSOFT CORPORATION'S NOTICE OF MOTION AND MOTION FOR A LIMITED STAY OF DISCOVERY** |
| MICROSOFT CORPORATION, | |
| Defendant. | Date: November 18, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 1 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 18, 2011 Defendant Microsoft Corporation will and hereby does move this Court for an order staying discovery pending resolution of Microsoft Corporation's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) Or, In The Alternative, To Stay (Dkt. No. 39), filed in this Court on September 2, 2011.

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

DATE:   September 29, 2011                                    SIDLEY AUSTIN LLP

By: /s/Samuel R. Miller
    Richard A. Cederoth
    rcederoth@sidley.com
    Samuel R. Miller (SBN 66871)
    srmiller@sidley.com
    Bryan K. Anderson (SBN 170666)
    bkanderson@sidley.com
    Attorneys for Microsoft Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

This case is but one of several related patent disputes between Microsoft and Motorola. Five of those disputes are pending in Seattle before the Western District of Washington (three of which were transferred there by other federal courts pursuant to Microsoft's motions to transfer). One of the disputes before the court in Seattle—*Microsoft Corp. v. Motorola, Inc. and Motorola Mobility, Inc.*, Civ. No. 10-1577—was filed long before this case and involves the same patents at issue here. That action has been stayed pending resolution of a proceeding before the ITC.

Given that Seattle is the clear locus of the federal court patent disputes between Microsoft and Motorola, Microsoft moved on September 2, 2011 to transfer this action to the Western District of Washington. Notwithstanding the pendency of that motion, Motorola has issued burdensome requests for production and interrogatories in this case and has refused to extend the time to respond to these requests until the transfer motion is resolved. Thus, Microsoft has been forced to bring this motion, which simply seeks a limited stay of discovery pending this Court's ruling on the motion to transfer. A number of judges in this district have stayed discovery pending decisions on similar transfer motions. As discussed below, the case for a stay is even stronger here because Motorola's initiation of discovery in this action is an attempt to circumvent the stay it agreed to in the Seattle action involving the same patents at issue here.

## I. STATEMENT OF FACTS

### A. Stay Of The WDWA-1577 Action (Involving Same Patents and Parties).

On October 1, 2010, Microsoft Corporation ("Microsoft") filed suit against Motorola, Inc. in the Western District of Washington, *Microsoft Corp. v. Motorola, Inc.*, Civ. No. 10-1577 ("WDWA-1577"), alleging that Motorola's Android devices infringe nine of Microsoft's patents, including U.S. Patent Nos. 5,579,517 and 5,758,352 (the "FATLFN patents").[1] That same day, Microsoft also filed a Complaint with the United States International Trade Commission ("ITC"), asserting claims regarding the same nine patents. *In the Matter of Certain Mobile Devices,*

---

[1] On October 6, 2010, Microsoft filed an amended complaint adding Motorola Mobility, Inc. as a defendant.

1
MICROSOFT'S MOTION TO STAY DISCOVERY
CASE NO. 11-03136-SC

*Associated Software, and Components Thereof,* Inv. No. 337-TA-744 ("the 744 Investigation").[2]

Pursuant to 28 U.S.C. § 1659,[3] in November 2010, Motorola and Microsoft entered into a "Stipulation and Order to Stay Action" to stay the proceedings in the WDWA-1577 action pending the ITC's final determination in the 744 Investigation. (Motion To Transfer, Dkt. No. 39, p. 2 and Ex. 7). Judge Ricardo S. Martinez of the Western District of Washington ordered the action stayed on November 10, 2010.

### B.  Motorola's Claims In This Action.

Motorola commenced this action, which also involves the FATLFN patents, by bringing counterclaims in the 744 Investigation on June 22, 2011.[4] It then removed those claims to this Court pursuant to 19 U.S.C. § 1337(c). (Dkt. No. 1, p. 2). Motorola's counterclaims assert, *inter alia*, that Microsoft breached its obligations to a standard-setting organization, the SD Card Association (the "SDA") by bringing its patent claims in the WDWA-1577 action and the ITC, and allegedly refusing to grant Motorola a license under the FATLFN patents on RAND terms. (Dkt. No. 1, pp. 26-35).

### C.  Microsoft's Motion To Transfer Or To Stay.

On September 2, 2011, Microsoft filed a Motion to Transfer or to Stay (the "Transfer Motion") asking this Court to transfer the present action to the Western District of Washington. (Dkt. No. 39). In support of the Transfer Motion, Microsoft cited to the pendency of five patent

---

[2] Trial in the 744 Investigation concluded on August 30, 2011 and the target date for completion of the ITC's consideration of the matter is March 5, 2012. (Dkt. No. 39, p. 6).

[3] 28 U.S.C. § 1659 provides that "[i]n a civil action involving parties that are also parties to a proceeding before the [ITC] under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the commission," so long as "such request is made within (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later." 28 U.S.C. § 1659(a). Because Motorola and Motorola Mobility are the respondents in the ITC proceeding, they invoked 28 U.S.C. § 1659 to seek a stay in the WDWA-1577 action.

[4] There is no dispute that this action is related to the WDWA-1577 action. *See* Joint Supplemental Case Management Statement (Dkt. No. 38, p. 9) (both parties list WDWA-1577 as a related action).

disputes between these parties in the Western District of Washington.[5]  In addition to the WDWA-1577 matter, these cases are:

- WDWA-1823: *Microsoft v. Motorola* (W.D. Wash. Nov. 9, 2010):  Alleged Breach of Contract Related to Wi-Fi and H.264 Video Compression Standards.
- WDWA-343: *Motorola v. Microsoft* (Filed in W.D. Wisc., Transferred to W.D. Wash): Alleged Patent Infringement Related to Wi-Fi and H.264 Compression Standard (Windows 7 and Internet Explorer 9).
- WDWA-595: *Motorola v. Microsoft* (Filed in W.D. Wisc., Transferred to W.D. Wash.): Alleged Patent Infringement Related to Xbox 360 Gaming System.
- WDWA-1408: *Motorola v. Microsoft* (Filed in S.D. Fla., Transferred to W.D. Wash.): Alleged Patent Infringement Relating to Various Microsoft Products.

The Transfer Motion also requests, in the alternative, a stay of these proceedings pending resolution of the WDWA-1577 action.  In support of the stay, Microsoft noted the need to avoid "the potential anomaly of Motorola's counterclaims, which are largely if not entirely derivative of Microsoft's infringement claims in the WDWA-1577 action, being actively litigated while the WDWA-1577 action remains stayed pursuant to 28 U.S.C. § 1659." (Dkt. No. 39, p. 19).[6]

### D.  Motorola's Issuance of Discovery.

On September 1, 2011, Motorola issued Requests for Production and Interrogatories to Microsoft (the "Requests").  (Declaration of Bryan Anderson ("Anderson Decl.") ¶¶ 4-5, Exhs. A, B).  The Requests are extremely broad in scope and attempt to impose substantial burdens on Microsoft.  Further, they seek information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Request For Production No. 4 seeks: "All documents relating to Microsoft's participation in any auction or sale of patents owned by Nortel… ."  (Andersen

---

[5] The only case between the parties that is not pending in the Western District of Washington is a dispute in the Western District of Wisconsin that, like the WDWA-1577 action, has been stayed pending a final determination of related ITC proceedings.  Microsoft filed a motion to transfer that case to the Western District of Washington, which motion remains pending due to the stay.  (Dkt. No. 39, p. 9, n. 6).

[6] Motorola filed its response to the Transfer Motion on September 23, 2011.  Microsoft's reply in support of the Transfer Motion is due by September 30, 2011. (Dkt. No. 46).

Decl., Exh. A). Similarly, Request For Production No. 42 seeks: "All documents relating to the "broad strategic partnership" announced between Microsoft and Nokia on February 11, 2011. . . ." (*Id.*) As a precautionary measure, Microsoft is serving objections to the Requests.

### E. Motorola's Refusal To Agree To Stay Discovery.

On September 12, 2011, the parties met and conferred regarding case management issues. Microsoft articulated its position that discovery should not proceed until the Court rules on the Transfer Motion, and requested that Motorola agree to a limited stay of discovery pending a ruling on transfer. (Anderson Decl. ¶ 3). Motorola refused to agree to the proposed stipulation.

## II. ARGUMENT

This Court should stay discovery for a limited time period pending resolution of the Transfer Motion. As set forth in that motion, and evidenced by the decision of three other federal courts to transfer similar cases, the locus of this case is in Western District of Washington. A stay is particularly warranted here because Motorola is plainly trying to make an "end-run" around the stay in Washington—it seeks to take discovery on its counterclaims regarding the FATFLN patents even though the parties are prevented from doing so in the WDWA-1577 action.

### A. Applicable Standard.

The authority to stay proceedings, including discovery, is inherent in the power of the court to control its docket and assure fair proceedings. *See, e.g, Negotiated Data Solutions v. Dell Inc.*, 2008 U.S. Dist. LEXIS 77229, at \*\*4-11 (N.D. Cal. Sept. 16, 2008) (noting the court's inherent powers and staying proceedings to avoid duplicative discovery). In deciding whether to grant a stay, courts consider generally judicial economy and prejudice to the parties. *See, e.g., Barnes v. Equinox Grp.*, 2010 U.S. Dist. LEXIS 138863, at \*5 (N.D. Cal. Dec. 30, 2010) (considering judicial economy and prejudice to the parties and staying discovery pending resolution of MDL transfer motion); *Abbott Labs., Inc. v. Medtronic, Inc.*, 2009 U.S. Dist. LEXIS 29283, at \*6 (N.D. Cal. Mar. 24, 2009) (considering "the factors of judicial economy and prejudice" in a decision to stay proceedings pending resolution of a related matter before the Patent and Trademark Office). The "competing interests" that courts weigh include the "orderly course of justice," the "possible damage" resulting from a stay, and the "hardship or inequity which a party may suffer" if a stay is

not granted.  *See, e.g., Lew v. Countrywide Fin. Corp.*, 2009 U.S. Dist. LEXIS 56191, at *4 (N.D. Cal. Feb. 24, 2009) (Conti, J.) (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)) (granting a stay of all proceedings pending a decision of the California Supreme Court on a legal standard relevant to plaintiff's claims).

**B.     This Court Should Stay Discovery In The Interest of Judicial Economy and the Orderly Course of Justice.**

The interests of judicial economy and the orderly course of justice weigh in favor of granting a limited discovery stay until this Court rules on the Transfer Motion.  This Court should not "expend its time and energy" on this case when a motion to transfer is pending because "transfer of this matter to another court would render redundant the efforts of this Court."  *Fuller v. Amerigas Propane Inc.*, 2009 U.S. Dist. LEXIS 71413, at **5-6 (N.D. Cal. Aug. 3 2009).  Rather, this Court should conserve its resources and those of the parties by allowing discovery to proceed only when discovery can be "tailor[ed]" to the court where the case will ultimately be heard.  *See id; see also McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3rd Cir. 1970) (vacating, in the interest of judicial economy, the lower court's decision to postpone a ruling on a transfer motion until after discovery because "only if the court should deny the motion to transfer should discovery be permitted to go forward"); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1361 (C.D. Cal. 1997) ("If this case is not stayed, preliminary proceedings would continue as required by [local rules] and this Court would need to monitor discovery and approve a case management plan in a potentially massive [action].  Taking on such a task at this time would seem to unnecessarily consume judicial time and energy").[7]  A brief stay of discovery would also be consistent with this court's obligation to conserve judicial resources and protect litigants pursuant to Rule 26 of the Federal Rules of Civil

---

[7] Even an initial case management conference would be wasteful because any deadlines set would only be vacated and re-set by a transferee court.  *See Barnes*, 2010 U.S. Dist. LEXIS 138863, at **6-9 (recognizing that "proceeding to the initial case management conference" and setting deadlines "is not the most efficient use of judicial resources or the parties' time and money" because the transferee court would likely vacate those dates and deadlines); *Rivers*, 980 F. Supp. at 1360-61 (noting that absent a stay "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the [transferee] judge").  Moreover, the potential transferee court has already determined that discovery should not begin at all until resolution of the ITC proceeding.  The outcome of those proceedings could impact the course of litigation in the Western District of Washington and the need for discovery in any forum.

Procedure. *See Salvatierra v. Sprint Solutions*, 2011 U.S. Dist. LEXIS 8918, at **2-3 (S.D. Cal. Jan. 31, 2011) (finding good cause under FRCP 26 to "stay all discovery" until the court reached a decision on the Defendant's motion to dismiss and motion to stay pending a possible transfer for multidistrict litigation).[8]

Finally, proceeding with discovery in this Court would allow Motorola to thwart the Western District of Washington's stay order and thereby disrupt the orderly course of justice. This Court should not countenance Motorola's gamesmanship or undermine the efforts of a sister court. *See Barnes,* 2010 U.S. Dist. LEXIS 138863, at *7 (noting in its decision to stay a case pending transfer to an MDL court that another judge had issued a stay in a related case). Whether or not Motorola is entitled to take discovery on its counterclaims prior to resolution of the ITC proceeding is a matter that should be resolved by the Western District of Washington after transfer or by this Court should it deny the Transfer Motion.[9] There is no reason why Motorola needs to proceed with discovery now, given the uncertainty as to where this matter should be litigated and whether discovery can go forward at all prior to resolution of the ITC proceeding.

### C. Granting a Brief Discovery Stay Will Not Prejudice Motorola.

Granting the requested stay will not prejudice or harm Motorola. On the contrary, if this action is transferred, Motorola's resources will have been conserved by a stay of discovery in this Court. Discovery will proceed more efficiently for both parties if, from the outset, the process is consistent with the transferee court's practice, and conforms to any limitations on discovery that the transferee court may order. *See Fuller*, 2009 U.S. Dist. LEXIS 71413, at *6 ("An order staying all further proceedings will not only conserve the resources of this Court, but will also preserve

---

[8] Judicial economy and prejudice factors that support a stay justify the same result under Federal Rule of Civil Procedure 26(b)(2)(C)(iii) (courts should limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit") and constitute "good cause" under Rule 26(c) ("[C]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

[9] A temporary stay of discovery would thus also be consistent with the principle of federal comity which is "designed to promote judicial efficiency by avoiding any unnecessary burden on the federal judiciary and by avoiding duplicative of conflicting judgments." *See Peak v. Green Tree Fin. Servicing Corp.*, 2000 U.S. Dist. LEXIS 9711, at **3-5 (N.D. Cal. July 7, 2000) (discussing federal comity in the context of the first-to-file rule).

those of both parties involved while simultaneously allowing them to tailor discovery and avoid duplicative or unnecessary tasks."); *Black Diamond Sportswear, Ltd. v. Black Diamond Equipment, Inc.*, 2004 U.S. Dist. LEXIS 1328, at *4 (D. Vt. Feb. 2, 2004) ("Staying all proceedings, including discovery, until after resolution of the transfer issue is consistent with the long-standing policy in this Circuit favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently and parties and witnesses can save time and expense and avoid inconsistent results.") (citing *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2nd Cir. 1968)); *see also Cardoza v. T-Mobile USA Inc.*, 2009 U.S. Dist. LEXIS 25895, at *15 (N.D. Cal. Mar. 18, 2009) (Conti, J.) (noting that "even the pendency on an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties").  If this Court determines that this action should be stayed instead of transferred, granting the present motion will have relieved both parties from the burden of initiating a resource-intensive process only to have it ordered to a sudden halt.

If this Court ultimately does not grant a transfer or a stay, Motorola will not have been prejudiced by the discovery stay requested here because the proposed stay will last only as long as it takes this court to rule on the pending Transfer Motion.  Such a brief stay does not constitute an unreasonable delay and in no way jeopardizes Plaintiffs' claims.  *See Barnes*, 2010 U.S. Dist LEXIS 138863, at *9 (finding no undue prejudice where plaintiff failed to show that "temporarily staying this action will result in the loss of evidence or otherwise jeopardize his [] claims"); *Fuller*, 2009 U.S. Dist. LEXIS 71413, at **4-6 (observing "no meaningful prejudice" due to a "stay [of] very short duration"); *Gong-Chun v. Aetna Inc.*, 2010 U.S. Dist. LEXIS 56938, at *8 (E.D. Cal. May 15, 2010) (granting a stay upon consideration of factors that mitigated prejudice to the plaintiff including the "relatively brief" duration of the requested stay).

### D. Microsoft Will Suffer Prejudice, Hardship and Inequity Without A Stay of Discovery.

On the other hand, Microsoft will suffer prejudice, undue hardship, and inequity if this Court does not order a temporary stay of discovery.  Premature discovery in this action would be inequitable because it would undermine the effect of the stay the parties agreed to in WDWA-1577.

7
MICROSOFT'S MOTION FOR A LIMITED STAY OF DISCOVERY
CASE NO. 11-03136-SC

It would also deny Microsoft the full benefit of the relief it seeks in the pending Transfer Motion because it could cause a waste of time, money, and energy that a transfer or stay would otherwise prevent.  *See* Dkt No. 39, pp. 9-15 (laying out the reasons why a transfer would be convenient to the parties); *see also E.E.O.C. v. United Airlines Inc.*, 2009 U.S. Dist. LEXIS 130565, at *14 (N.D. Cal. Dec. 3, 2009) ("A section 1404(a) transfer serves to 'prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense'") (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  The potential burden on Microsoft is particularly significant, given the breadth of discovery Motorola has requested.  (*See generally*, Anderson Decl., Exh. A, B).  To prevent Motorola from inflicting undue burden and expense on Microsoft, this Court should grant a limited stay of discovery pending resolution of the Transfer Motion.

## **CONCLUSION**

For the foregoing reasons, the Court should stay discovery until resolution of the Transfer Motion.

Dated:   September 29, 2011                                              SIDLEY AUSTIN LLP


By: /s/Samuel R. Miller
    Richard A. Cederoth
    rcederoth@sidley.com
    Samuel R. Miller (SBN 66871)
    srmiller@sidley.com
    Bryan K. Anderson (SBN 170666)
    bkanderson@sidley.com
    Attorneys for Microsoft Corporation