**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOTOROLA MOBILITY, INC.                    ) Case No. 11-3136 SC
                                           )
          Claimant,                        )
                                           ) ORDER GRANTING MOTION TO
     v.                                    ) TRANSFER AND DENYING MOTION
                                           ) FOR LIMITED STAY OF
MICROSOFT CORPORATION,                     ) <u>DISCOVERY</u>
                                           )
          Defendant.                       )
                                           )
_____   )

## I.   <u>INTRODUCTION</u>

Now before the Court is Counterclaim Defendant Microsoft
Corporation's ("Microsoft") Motion to Transfer Motorola Mobility,
Inc.'s ("Motorola") Counterclaims to the Western District of
Washington, or, in the alternative, to stay this action pending
resolution of Microsoft's patent infringement claims in the Western
District of Washington.  ECF No. 39 ("Mot.").  This Motion is fully
briefed.  ECF Nos. 49 ("Opp'n"), 58 ("Reply").  Microsoft has also
brought a Motion for a Limited Stay of Discovery pending resolution
of its Motion to Transfer.  ECF No. 55.  For the reasons set forth
below, the Court GRANTS Microsoft's Motion to Transfer and DENIES
Microsoft's Motion for a Limited Stay of Discovery as moot.

## II.  <u>BACKGROUND</u>

Motorola is a Delaware corporation with its principal place of
business in Libertyville, Illinois.  ECF No. 1 ("Not. of Removal")

**United States District Court**
For the Northern District of California

Ex. A ("Counterclaims") ¶ 1.  Motorola's products include Android smartphones and tablets, various versions of which have been marketed since 2009.  Id. ¶ 7.  Microsoft is a Washington corporation headquartered in Redmond, Washington with offices around the United States and around the world.  Id. ¶ 3; Eppenauer Decl. ¶ 3.[1]  Microsoft also markets a variety of mobile products, including a mobile operating system platform, Windows Mobile, and Windows Phone 7.  Counterclaims ¶¶ 17, 20.

On October 1, 2010, Microsoft filed a complaint against Motorola in the Federal District Court for the Western District of Washington, Case No. 10-CV-1577 (the "Washington 10-1577 action"), alleging that Motorola's Android devices infringe nine of Microsoft's patents.  Id. ¶ 23; Giardina Decl. Ex. 1 ("WDWA 10-1577 Compl.").[2]  Also on October 1, 2010, Microsoft requested that the U.S. International Trade Commission ("ITC") commence an investigation related to the same nine patents.  Counterclaims ¶ 22; Mot. at 2.  The ITC granted Microsoft's request on November 5, 2010, and instituted Investigation No. 337-TA-744 (the "744 Investigation" or the "ITC Proceeding").  Counterclaims ¶ 22.

On June 22, 2011, Motorola filed its Counterclaims against Microsoft in the ITC Proceeding, alleging that Microsoft breached its commitments to the SD Card Association ("SDA"), a standard setting organization ("SSO"), and its members by "engaging in a pattern of deliberate, deceptive, and anticompetitive conduct,

---

[1] David Bartley Eppenauer ("Eppenauer"), Microsoft's Chief Patent Counsel and Assistant Corporate Secretary, submitted a declaration in support of Microsoft's Motion to Transfer.  ECF No. 40 ("Eppenauer Decl.").

[2] David C. Giardina ("Giardina"), counsel for Microsoft, also sumitted a declaration in support of Microsoft's Motion.  ECF No. 41.

**United States District Court**
For the Northern District of California

1  which allowed it to exert improper influence over standard setting

2  processes for telecommunication technology standards and to acquire

3  unlawful monopoly power in several markets."  Id. ¶ 10.  Motorola

4  alleges that Microsoft manipulated the standard-setting process to

5  ensure certain standards were adopted that would allow it to claim

6  that it owns patents essential to practicing certain industry

7  standards.  Id.  Microsoft allegedly made license demands which run

8  counter to commitments it made to the SDA during the standards-

9  setting process that it would grant licenses on reasonable, and

10  non-discriminatory terms.  Id.

11      Motorola's Counterclaims arise, in part, out of its

12  Host/Ancillary Product License Agreement ("HALA") with the SDA and

13  the SDA Intellectual Property Policy ("SDA IP Policy"), which is

14  incorporated by reference into the HALA.  See id. ¶¶ 90-105.  The

15  SDA IP policy requires all members of the SDA, including Microsoft,

16  "to license in a non-discriminatory fashion, and on reasonable

17  terms, to all other Members and non-member licensees . . ., such

18  Member's Patent Claims which are required to implement the Adopted

19  Specifications ('Essential Patent Claim(s)')."  Perlson Decl. Ex. 1

20  ("SDA IP Policy") § 2.[3]

21      On June 24, 2011, Motorola removed its Counterclaims to the

22  Northern District of California.  Not. of Removal.  Motorola

23  claimed that venue was proper in this district because:  (1)

24  Motorola's claims arise out of Microsoft's agreements with the SDA,

25  which contain forum selection clauses requiring that all suits

26  _____

27  [3] David A. Perlson ("Perlson"), counsel for Motorola, submitted two
declarations in support of Motorola's opposition to the Motion.
ECF Nos. 50 ("Perlson Decl."), 51 ("Perlson Supp. Decl.").  The

28  parties also refer to another declaration by Perlson, filed under
seal in connection with Motorola's earlier motion for a temporary
restraining order ("Perlson TRO Decl").

**United States District Court**
For the Northern District of California

arising out of the agreements be finally settled by the federal or state courts located in this district; (2) Microsoft maintains a place of business in this district; (3) venue is proper under 28 U.S.C. §§ 1391(b) and (c) and sections of the Clayton Antitrust Act; and (4) Microsoft's participation in the standard-setting process has had harmful and anti-competitive effects in this district. Id. at 2.

On September 2, 2011, Microsoft moved to transfer this case to the Western District of Washington. Among other things, Microsoft argues that transfer is appropriate since: a majority of witnesses reside in Redmond, Washington; the bulk of evidence regarding Motorola's claims is located in Washington; there is no meaningful connection between the facts of this case and the Northern District of California; the forum selection clauses in the HALA and SDA IP Policy do not provide a basis for keeping this case in California; and transferring the case will allow better coordination with five other disputes between Microsoft and Motorola pending in the Western District of Washington, including the Washington 10-1577 action.[4] Mot. at 10-17.

In the alternative, Microsoft seeks an order staying this action pending resolution of Microsoft's patent infringement claims in the Washington 10-1577 action. Id. at 17. Microsoft has also

---

[4] The four other actions involve (1) Motorola's alleged breach of contract related to a wi-fi and H.264 video compression standard; (2) Microsoft's alleged patent infringement related to a wi-fi and H.264 compresseion standard; (3) Microsoft's alleged patent infringment related to its Xbox 360 gaming system; (4) patent infringement claims relating to almost a dozen other Microsoft products. Mot. at 2-5. The last three actions were recently transferred to the Western District of Washington from various other districts. Id.

1  filed a motion seeking a limited stay of discovery pending the

2  Court's resolution of its Motion to Transfer.  ECF No. 55.

3

4  **III. <u>LEGAL STANDARD</u>**

5      Under Section 1404(a) of Title 28 of the United States Code

6  ("Section 1404(a)"), a district court has discretion to "transfer

7  any civil action to any other district or division where it may

8  have been brought" "for the convenience of parties and witnesses,

9  [and] in the interest of justice."  The purpose of Section 1404(a)

10 is "to prevent the waste of time, energy, and money and to protect

11 litigants, witnesses, and the public against unnecessary

12 inconvenience and expense."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612,

13 622 (1964) (internal quotation marks omitted).  "A motion for

14 transfer lies within the broad discretion of the district court,

15 and must be determined on an individualized basis."  <u>Foster v.</u>

16 <u>Nationwide Mut. Ins. Co.</u>, No. 07-4928, 2007 U.S. Dist. LEXIS 95240,

17 at *3-4 (N.D. Cal. Dec. 14, 2007) (citing <u>Jones v. GNC Franchising,</u>

18 <u>Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000)).

19     Once venue is determined to be proper in both districts, the

20 court may evaluate a variety of factors to determine which venue

21 will be more convenient for the parties and witnesses and will

22 promote the interests of justice.  Specifically, the Court may

23 consider: "(1) plaintiff's choice of forum, (2) convenience of the

24 parties, (3) convenience of the witnesses, (4) ease of access to

25 the evidence, (5) familiarity of each forum with the applicable

26 law, (6) feasibility of consolidation with other claims, (7) any

27 local interest in the controversy, and (8) the relative court

28

1  congestion and time of trial in each forum." <u>Foster</u>, 2007 U.S.
2  Dist. LEXIS 95240, at *4.

3

4  **IV.  <u>DISCUSSION</u>**

5      The parties do not dispute that venue would be proper in
6  either the Northern District of California or the Western District
7  of Washington.  They do disagree about whether transfer would
8  promote the interests of justice and the convenience of the
9  parties.  The Court finds that the balance of factors weighs in
10 favor of transferring this case to the Western District of
11 Washington.

12     **A.   <u>Convenience</u>**

13     "The convenience of the witnesses is often the most important
14 factor in resolving a motion to transfer." <u>Ruiz v. Affinity</u>
15 <u>Logistics</u>, No. C 05-02015-JSW, 2006 U.S. Dist. LEXIS 82201, at *8
16 (N.D. Cal. Nov. 7, 2005).  Microsoft argues that the Western
17 District of Washington is more convenient since Microsoft is
18 headquartered in Redmond, Washington; the technology at issue in
19 this dispute was developed at Microsoft's facilities in Washington;
20 and Microsoft employees that interfaced with the SDA concerning the
21 underlying technology at issue work in Washington.  Mot. at 11.
22 Microsoft further argues that the bulk of evidence related to
23 Motorola's Counterclaims is located in Washington, where Microsoft
24 manages its licensing operations.  <u>Id.</u> at 12.

25     Motorola responds that this district would be more convenient
26 for non-party witnesses located here, including the SDA, which
27 published the SD specifications; SD-3 LLC, one of the parties to
28 the HALA; Google, Inc., which provides software for Motorola

**United States District Court**
For the Northern District of California

6

**United States District Court**
For the Northern District of California

1  products; and various organizations who hold positions on SDA's
2  board.  Opp'n at 18-19.  Motorola specifically names only two
3  individuals from these organizations who may testify: (1) Paul
4  Reinhardt ("Reinhardt"), the former director of the SDA, who is
5  "the named recipient of at least one assurance letter Microsoft
6  provided the SDA," and (2) Raymond Creech ("Creech"), the founding
7  president of SDA, who may testify "concerning the policies and
8  procedures of the SDA, as well as Microsoft and Motorola's
9  interactions with the organization." Id.  Motorola argues that
10 this district is also more convenient since it possesses "usable"
11 subpoena power over these individuals while the Western District of
12 Washington does not.  Id. at 19-20.  Motorola contends that
13 Microsoft would not be inconvenienced by litigating in this
14 district because it has litigated here before and because it has
15 not indicated that any of its potential employee witnesses would
16 not appear in this district.  Id. at 20-21.  Motorola also states
17 that the majority of Motorola employees likely to have knowledge
18 about the technology at issue in this litigation work at its
19 facilities in Sunnyvale, California or Libertyville, Illinois.  Id.
20 at 8.  Motorola specifically names only two Motorola employees
21 located in this district who may have knowledge relevant to this
22 case.  See id. at 22.

23     The Court finds that the convenience factor weighs in favor of
24 transferring the case to the Western District of Washington.
25 Microsoft is headquartered in Redmond, Washington; Microsoft
26 employees who possess relevant knowledge about the underlying
27 technology and Microsoft's commitments to the SDA work in
28 Washington; and Microsoft's licensing operations, which are at the

United States District Court
For the Northern District of California

1  heart of this dispute, are managed out of Washington.  Presumably,

2  it would be equally inconvenient for the Motorola's employees

3  working at Motorola's headquarters in Libertyville, Illinois to

4  travel to either the Western District of Washington or this

5  district.  Further, transporting Motorola employees to the Western

6  District of Washington should not be burdensome as Microsoft and

7  Motorola are already litigating at least five other matters there.

8      The Court also finds that Motorola has not sufficiently

9  explained the materiality of its asserted non-party witnesses.

10  Motorola has only specifically identified two non-party witnesses

11  by name, Reinhardt and Creech.  It is unclear how important

12  Reinhardt and Creech's testimony would be compared to the testimony

13  of other party and non-party witnesses who reside in the Western

14  District of Washington or other locations outside of this district.

15  It is also unclear whether the Western District of Washington would

16  need to exercise its subpoena power as there is no indication that

17  these two individuals would be unwilling to testify at trial.  The

18  other non-parties named by Motorola are organizations, and it is

19  unclear who from these organizations would have pertinent knowledge

20  of the facts at issue in this case, where these individuals are

21  located, and whether they would be unwilling to testify at trial.

22      For the foregoing reasons, the Court finds that the Western

23  District of Washington would best serve the convenience of the

24  parties.

25      **B.   Feasibility of Consolidation with Other Claims**

26      Microsoft argues that transfer will allow for better

27  coordination with the multiple cases currently pending in the

28  Western District of Washington.  Mot. at 17.  The Court agrees.

Motorola's Counterclaims were brought in response to the patent infringement claims Microsoft asserted at the ITC.  These same patent infringement claims were also brought in the Washington 10-1577 action.  Transfer to the Western District of Washington will conserve judicial resources and reduce the risk of inconsistent rulings on Motorola's claims in this action and parallel defenses that might be raised in the Washington 10-1577 action.  Motorola argues that the Washington 10-1577 action was improperly filed in the Western District of Washington and transferring this case would reward Microsoft for breaching the forum selection clauses in the HALA and SDA IP Policy.  Opp'n at 24.  However, as discussed in section IV.C below, these forum selection clauses are not controlling.  Accordingly, the Court finds that the public interest in consolidating litigation weighs heavily in favor of transferring this action to the Western District of Washington, where the underlying dispute between Microsoft and Motorola was first filed.

**C.   The Forum Selection Clauses**

The existence of a forum selection clause is a "significant factor" in assessing a motion to transfer, but is not dispositive. See Jones, 211 F.3d at 499, n. 20.  Motorola argues that the forum selection clauses in the HALA and the SDA IP Policy, which was incorporated by reference into the HALA, warrant denial of Microsoft's transfer motion.  Opp'n at 12-16.  The SDA IP Policy provides that it "will be governed by the laws of the State of California, USA and the federal and state courts located in California shall have exclusive jurisdiction regarding any matters under this IP Policy." SDA IP Policy § 11.  The Microsoft HALA

also includes a forum selection clause, which states, in relevant part:

>      15.5      THIS AGREEMENT SHALL BE GOVERNED AND CONSTRUED ACCORDING TO THE LAWS OF THE STATE OF CALIFORNIA, AS IF THIS AGREEMENT WERE WHOLLY EXECUTED AND WHOLLY PERFORMED WITHIN SUCH STATE . . .
>
>      15.6      ALL DISPUTES BETWEEN THE PARTIES HERETO ARISING OUT OF OR IN CONNECTION WITH THE INTERPRETATION OR EXECUTION OF THIS AGREEMENT, LICENSORS' LICENSING OF THE ESSENTIAL PATENT CLAIMS . . . OR LICENSEE'S USE OF THE ESSENTIAL PATENT CLAIMS OF THE SD GROUP . . . SHALL BE FINALLY SETTLED BY THE FEDERAL OR STATE COURTS LOCATED IN THE COUNTY OF SANTA CLARA IN THE STATE OF CALIFORNIA.[5]

Perlson Supp. Decl. Ex A ("HALA") at 19.

Microsoft contends that the forum selection clauses do not justify keeping this case in the Northern District of California. Mot. at 14-16. As an initial matter, Microsoft argues that a forum selection clause is not dispositive on a motion to transfer and, in the instant action, is outweighed by other relevant factors. Id. at 14. Microsoft also argues that the HALA forum selection clause does not apply here because Motorola was not a party to the HALA. Id. at 16. Microsoft points to the fact that the HALA forum selection clause applies to "disputes between the parties" and that Motorola allowed its SDA license agreement to lapse in 2008 due to

---

[5] This case was originally before Judge Fogel, in the San Jose Courthouse located in Santa Clara County. It was later reassigned to this Court, located in the City and County of San Francisco. ECF No. 54. Neither party has addressed whether, under the HALA, a San Francisco court could properly retain jurisdiction over this matter under the HALA, which specifically refers to courts located in Santa Clara County. As this Order transfers the action to the Western District of Washington, the Court declines to address the issue.

**United States District Court**
For the Northern District of California

1  non-payment of dues.[6] Id. at 6-7. Microsoft argues that, reading

2  the contract as a whole, the HALA forum selection clause does not

3  apply to third parties such as Motorola. Id. at 16. Microsoft

4  also argues that the forum selection clause in the SDA IP Policy

5  does not raise a "matter under the SDA IP Policy" because the

6  negotiation of individual license agreements between Microsoft and

7  other SDA licensees are strictly private matters, outside the scope

8  of the SDA. Id.

9      Motorola responds that this action should remain in the

10  Northern District of California because Motorola is a third party

11  beneficiary of the forum selection clauses in the HALA and SDA IP

12  Policy. Opp'n at 12-16. Motorola contends that "third party

13  implementers" like itself are entitled to sue for breach of

14  commitments to SSOs to provide licenses on reasonable and non-

15  discriminatory terms, and that such commitments would have little

16  meaning otherwise since SSOs themselves rarely litigate such

17  issues. Id. at 13. Motorola further argues that the forum

18  selection clauses at issue, like Microsoft's commitment to provide

19  licenses on reasonable and non-discriminatory terms, were created

20  for the benefit of third party implementers such as itself. Id. at

21  15. Motorola points out that sections 2 and 5(ii) of the SPA IP

22  Policy refer to Members and non-member licensees. Id. at 15.

23

24

---

25  [6] Motorola contends that it has been a SDA Member "at all relevant
    times" and that it contacted Microsoft about potential licensing
26  terms in December 2006 and February 2007, while it was an active
    HALA Licensee and SDA Member. Opp'n at 5-6. Motorola does not
27  otherwise dispute that it allowed its SDA license to lapse in 2008.
    Microsoft states that Motorola reinstated its SDA license on May
28  24, 2011, around the time when Motorola first asserted it had the
    right to a reasonable and non-discriminatory license pursuant to
    the commitments Microsoft made to the SDA. Opp'n at 6-7.

**United States District Court**
For the Northern District of California

1   The Court agrees with Microsoft and finds that the forum
2   selection clauses are not controlling here.  Under California law,
3   "[a] contract must be so interpreted as to give effect to the
4   mutual intention of the parties as it existed at the time of
5   contracting . . . ."  Cal. Civ. Code § 1636.  "The language of a
6   contract is to govern its interpretation, if the language is clear
7   and explicit, and does not involve an absurdity."  Id. § 1638.
8   "The words of a contract are to be understood in their ordinary and
9   popular sense, rather than according to their strict legal meaning;
10  unless used by the parties in a technical sense, or unless a
11  special meaning is given to them by usage, in which case the latter
12  must be followed."  Id. § 1644.

13      In the instant action, the HALA's forum selection clause
14  expressly applies to "ALL DISPUTES BETWEEN THE PARTIES."  HALA at
15  19.  It appears that Motorola was not a party to the HALA because
16  it allowed its license agreement with the SDA to lapse in 2008
17  before rejoining the organization in 2011.  See Perlson TRO Decl.
18  Ex. A ("Termination Ltr."); Mot. at 6-7.  Motorola focuses on its
19  right to enforce the terms of the HALA as a third party implementer
20  or third party beneficiary.  However, interpreting the language of
21  the HALA in its "ordinary and popular sense," the Court cannot
22  conclude that the forum selection clause, which expressly applies
23  to the parties to the agreement, should extend to third parties.
24  While third party beneficiaries or implementers may very well have
25  a right to enforce the other terms of the HALA, the language of the

26
27
28

1  forum selection clause is specific to the parties to the

2  agreement.[7]

3      Additionally, based on the arguments and evidence currently

4  before the Court, the forum selection clause in the SDA IP Policy

5  does not warrant keeping this case in the Northern District of

6  California.  The SDA IP Policy provides that it applies only to

7  "matters under [the SDA] IP Policy."  SDA IP Policy § 11.  The SDA

8  IP Policy further provides that "SDA makes no representations as to

9  the reasonableness of any terms or conditions of the license

10  agreements offered by such patent rights holders, and all

11  negotiations regarding such terms and conditions must take place

12  between the individual parties outside the context of SDA."  SDA IP

13  Policy § 5.  Microsoft argues that "to the extent that Motorola

14  counterclaims allege that Microsoft breached some obligation in

15  connection with negotiations [between the parties], Motorola's

16  claims do not raise matters under the IP Policy to which its forum

17  selection clause applies."  Mot. at 16.  Motorola does not

18  coherently address this argument, and it is unclear from the papers

19  to what extent Motorola's Counterclaims raise matters under the SDA

20  IP Policy.[8]

21

22  [7] For the purposes of this Order, the Court need not and, thus,
    does not reach the issues of whether Motorola is actually a third

23  party beneficiary or implementer under the HALA; whether any of the
    other terms of the HALA are applicable to third parties; or

24  whether, as a third party beneficiary or implementer, Motorola is
    entitled to sue Microsoft for breach of commitments to the SDA.

25

26  [8] Indeed, as framed by Motorola's opposition brief, the
    Counterclaims appear to be largely predicated on Microsoft and

27  Motorola's bilateral negotiations concerning patent licensing
    terms.  See, e.g., Opp'n at 6 ("Microsoft did not respond to

28  Motorola's requests for licensing terms."), 15 ("Given its
    contractual commitments to third party Motorola, Microsoft's
    obligation to have provided a license to the [] Patents on
    [reasonable and non-discriminatory] terms, or at least provided

**United States District Court**
For the Northern District of California

1    Forum selection clauses are not dispositive on a motion to

2  transfer and may be outweighed by other factors. See Jones, 211

3  F.3d at 499, n. 20. As the HALA forum selection clause does not

4  apply here, and it is unclear to what extent the SDA IP Policy's

5  forum selection clause is applicable, the Court finds that these

6  forum selection clauses do not warrant keeping this case in the

7  Northern District of California.

8    **D.   Other Factors**

9    The Court finds that other factors relevant to analyzing a

10  motion to transfer do not weigh so heavily against transfer as to

11  offset the factors discussed above. Motorola's choice of forum is

12  entitled to some weight, but is trumped by the fact that the

13  Western District of Washington is the center of gravity in this

14  dispute. See Ruiz, 2005 U.S. Dist. LEXIS 45203, at *4-7. As

15  discussed above, Microsoft is headquartered in Redmond, Washington;

16  a number of witnesses and much of the evidence at issue are located

17  in the Western District of Washington; and Microsoft has already

18  filed a patent infringement action against Motorola in the Western

19  District of Washington concerning the technology at the heart of

20  this dispute.

21    Further, the factor concerning the local interest in the

22  controversy does not weigh in favor of either this district or the

23  Western District of Washington. Microsoft has its principal place

24  of business in Redmond and is employs over 40,000 people in the

25  Seattle, Washington area. Eppenauer Decl. ¶¶ 3-4. Thus, the

26

27  Motorola an opportunity to take or negotiate such a license, is
    beyond dispute."). For the purposes of this Order, the Court need

28  not and, thus, does not address whether Motorola may state an
    actionable claim for breach of the SDA IP Policy.

United States District Court
For the Northern District of California

1   residents of the Western District of Washington clearly have an

2   interest in resolving Motorola's claims against Microsoft.

3   Motorola also has a significant presence in this district,

4   employing 130 people at its Santa Clara office and 538 people at

5   its Sunnyvale office.  Whaley Dec. ¶¶ 3, 5.[9]  In light of

6   Microsoft's significant presence in the Western District of

7   Washington and Motorola's presence in the Northern District of

8   California, the local interest factor is a wash.

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28   [9] David Whaley ("Whaley"), Motorola's Director of Partnership
Management, submitted a declaration in support of Motorola's
opposition to the Motion.  ECF No. 53 ("Whaley Decl.").

United States District Court
For the Northern District of California

1
V.    **CONCLUSION**

2
    Balancing all of the pertinent factors, the Court finds that

3
this case belongs in the Western District of Washington.  The

4
Western District of Washington would be more convenient for most of

5
the potential witnesses with knowledge relevant to this case, and

6
the bulk of the evidence is located in the Western District of

7
Washington.  Further, the center of gravity of the case currently

8
resides in the Western District of Washington, as Microsoft has

9
already filed a related case in that district.  The choice of forum

10
provisions in the SDA IP Policy and the HALA do not weigh against

11
transfer.  In light of these and other factors discussed above,

12
Motorola's choice of forum is entitled to little weight.  For the

13
foregoing reasons, the Court GRANTS Microsoft's Motion to Transfer

14
and DENIES Microsoft's Motion for a Limited Stay of Discovery as

15
moot.  The clerk shall transfer this action to the United States

16
District Court for the Western District of Washington.

17

18
IT IS SO ORDERED.

19

20
    Dated: November 21, 2011

21
                              UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28